```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
                  Civil No. 99-545 (DSD/JGL)
```

Gas Aggregation Services, Inc.,

      Plaintiff,

v.                                                          **ORDER**

Howard Avista Energy, LLC and
Howard Energy Marketing, Inc.,

      Defendants.

v.

Manjit Bajwa,

      Third-Party Defendant.

    Richard I. Diamond, Esq., 601 Carlson Parkway, Suite 1050, Minnetonka, MN 55305, counsel for plaintiff and third-party defendant.

    Robert T. Scott, Esq. and Waters & Scott, 2040 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for Thomas A. Foster & Associates.

    Seth M. Colton, Esq. and Lommen, Nelson, Cole & Stageberg, 80 South Eighth Street, Suite 200, Minneapolis, MN 55402 and Thomas K. Cauley, Esq. and Sidley Austin, One Dearborn Street, Chicago, IL 60603, counsel for defendants.

    This matter is before the court upon plaintiff Gas Aggregation Services, Inc., ("GSI") and third-party defendant Manjit Bajwa's motion to reconsider the court's January 26, 2006, order and vacate the judgment entered thereon. Alternatively, GSI and Bajwa move the court to stay enforcement and execution of judgment. Based

upon the record, and for the reasons stated, the court denies the motion to reconsider and conditionally grants the motion to stay judgment.

**BACKGROUND**

On August 24, 2005, the court granted in part and denied in part, without prejudice, Thomas A. Foster's motion for entry of judgment. The court did not order that a final judgment be entered due to the bifurcated nature of the court's holding. On September 8, 2005, Foster filed a second motion for entry of judgment. On September 23, 2005, GSI and Bajwa filed a notice of appeal and appealed from "that portion" of the August 24, 2005, order that granted Foster's motion. On November 23, 2005, Foster filed a motion for enforcement of judgment. On January 26, 2006, the court found that it had jurisdiction to entertain the two pending motions and ordered that a final and enforceable judgment be entered in favor of Foster to enforce his attorney lien.

On February 3, 2006, GSI and Bajwa filed a motion to reconsider and asked the court to reconsider its January 26, 2006, order and vacate the judgment entered thereon. In a letter dated February 8, 2006, Foster, through counsel, requested the court to strike the motion from the record for noncompliance with the Local Rules. In response, GSI and Bajwa, in a letter dated February 10, 2006, filed a written request for permission to file a motion to

reconsider. GSI and Bajwa simultaneously, and without the court's consent, filed a second motion to reconsider and, alternatively, to stay enforcement of judgment.

**DISCUSSION**

**I. Motions to Reconsider**

Once judgment has been entered, a motion to reconsider serves as the "functional equivalent" of a motion to alter or amend judgment filed under Federal Rule of Civil Procedure 59(e). DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999); see also Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (motion challenging correctness of a judgment is functionally a Rule 59(e) motion). GSI and Bajwa cite to Federal Rule of Civil Procedure 59(e) to support their request for reconsideration.[1] Therefore, the court construes the two motions to reconsider as a single motion to alter or amend judgment.[2] See Broadway v. Norris, 193

---

[1] GSI and Bajwa further cite to Federal Rule of Civil Procedure 52(b) to support their motion. However, Rule 52(b) has no application to this case.

[2] If the court did not so construe the motion, the court would summarily deny the motion to reconsider because "motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). The court finds that no compelling circumstances exist in this case to warrant granting permission to file a motion for reconsideration. However, the Eighth Circuit has called into question the applicability of Local Rule 7.1(g) to post-judgment motions because the Federal Rules of Civil Procedure expressly authorize motions to alter or amend
(continued...)

3

F.3d 987, 989 (8th Cir. 1999) (court must determine whether motion to reconsider is governed by Rule 59(e) or Rule 60(b) because Federal Rules of Civil Procedure do not address such motions).

A motion to alter or amend judgment, pursuant to Rule 59(e), serves the limited function of "correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). The court has reviewed its order of January 26, 2006, and finds that it contains no manifest errors of law or fact. Further, the court has previously considered and addressed all of the arguments raised by GSI and Bajwa. Therefore, the court denies the Rule 59(e) motion.

**II.  Motion to Stay Enforcement of Judgment**

GSI and Bajwa move the court to stay enforcement and execution of the January 27, 2006, judgment that was entered on Foster's attorney lien. GSI and Bajwa argue that the court is required to stay judgment on the attorney lien pending the outcome of a state court malpractice lawsuit that they have commenced against Foster. GSI and Bajwa have provided no authority to support their proposition. The Minnesota Court of Appeals has specifically held that entertaining malpractice claims in the context of a Minnesota

---

²(...continued)
judgment. See DuBose, 187 F.3d at 1002 n.1. Therefore, construing the motion to reconsider as a Rule 59(e) motion is appropriate in this case.

attorney lien proceeding "would impermissibly transform a summary-lien proceeding into a lengthy malpractice trial." Thomas A. Foster & Assocs., Inc. v. Paulson, 699 N.W.2d 1, 8 (Minn. Ct. App. 2005). The court conducts attorney-lien proceedings summarily pursuant to Minnesota Statutes section 481.13 and does not consider "complex questions of professional negligence" or "defenses of legal malpractice." Id. at 8-9. An attorney's exercise of attorney-lien rights does not preclude a client from prevailing on a subsequent malpractice claim. Id. at 8. For these reasons, the court will not condition entry of judgment on the outcome of a separate state court legal malpractice lawsuit.

Alternatively, GSI and Bajwa move the court to stay judgment pending the outcome of an appeal to the Eighth Circuit. A party that appeals a final judgment from the court "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Federal Rule of Civil Procedure 62(d)." Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 1 (1966); New Access Communications LLC v. Quest Corp., 378 F. Supp. 2d 1135, 1139 (D. Minn. 2005). The amount of the bond should include both the principal amount of the judgment and provide for costs. Am. Mfrs. Mut. Ins. Co., 87 S. Ct. at 1.

On January 26, 2006, the court ordered that a final and enforceable judgment in favor of Foster be entered. Neither party has appealed the court's January 26 order or the judgment entered

thereon. Accordingly, staying execution of that judgment would appear to be premature at this time. However, prior to entry of final judgment, GSI and Bajwa appealed the court's August 24, 2005, order that granted in part and denied in part Foster's first motion for entry of judgment. The issues that the court resolved in the August 24 order, as well as the issues that the court did not fully resolve, are inextricable from the jurisdictional, substantive and procedural issues addressed in the court's January 26 order. Therefore, the court finds that GSI and Bajwa, upon compliance with the dictates of Rule 62(d), are entitled to a stay of enforcement and execution of the January 27, 2006, judgment pending resolution of their appeal of the court's August 24, 2005, order. Further, the court finds that a supersedeas bond in the amount of $679,221.69, which represents both the potential amount of Foster's attorney lien and the amount of Foster's attorney's fees that GSI and Bajwa have been ordered to pay, is sufficient to cover both the principal amount of judgment and costs.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. GSI and Bajwa's motion to reconsider and vacate judgment [Docket No. 210] is denied.

2. GSI and Bajwa's amended motion to reconsider and vacate judgment [Docket No. 213] is denied.

3. GSI and Bajwa's motion to stay execution of judgment [Document No. 213] is granted as modified. The stay shall become effective upon GSI and Bajwa posting a supersedeas bond in the amount of $679,221.69 with the Clerk of Court.

Dated: February 14, 2006

                                              <u>s/David S. Doty</u>
                                              David S. Doty, Judge
                                              United States District Court